UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00187-GNS-HBB

LUCAS WADE PARSONS                                                                    PLAINTIFF

v.

JAMIE UNDERWOOD, et al.                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions for Summary Judgment (DN 37, 38). The matter is ripe for adjudication. For the reasons stated below, the motions are **GRANTED**.

### I.   STATEMENT OF FACTS AND CLAIMS

Plaintiff Lucas Wade Parsons ("Parsons") alleges that he sustained a fracture to his right foot while incarcerated at Larue County Detention Center ("LCDC") in 2019. (Compl. 4, DN 1). Parsons claims that LCDC failed to attend to his injury quickly and adequately. (Compl. 4). In July 2019, Parsons was transferred to Taylor County Detention Center ("TCDC") where he alleges he that he was placed in a medical cell and his crutches were taken from him while medical care continued to be withheld. (Compl. 5). Parsons states that while medical personnel at TCDC apologized to him for the lack of care for his foot, he did not receive adequate medical attention and was relocated back to LCDC. (Compl. 5). Parsons was then transferred to Roederer Corrections Complex ("RCC") in custody of the Kentucky Department of Corrections ("KDOC"). (Am. Compl. 1, DN 6). Parsons alleges that that he has also not received adequate medical attention and consideration at RCC, asserting he is being punished for being injured at another facility. (Am. Compl. 2).

Besides filing suit against LCDC, TCDC, and KDOC, Parsons also asserted official capacity claims against Jamie Underwood ("Underwood"), LCDC Jailer, Hack Marcum ("Marcum"), TCDC Jailer, and Kathleen M. Kenney ("Kenney"), KDOC Commissioner. (Compl. 2). In a previous order, this Court granted Parsons leave to amend his Complaint to name Underwood, Marcum, and Kenney in their individual capacities, which he ultimately failed to do. (Mem. Op. & Order 3, DN 8). Kenney, Underwood, and Marcum have moved for summary judgment on Parsons' claims, which motions are ripe for adjudication. (Def.'s Mot. Summ. J., DN 37; Defs.' Mot. Summ. J., DN 38).[1]

## II.    JURISDICTION

Jurisdiction for the federal law claims is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof.

---

[1] Cookie Crews ("Crews") has since succeeded Kenney as KDOC Commissioner. (Crews Aff. ¶ 1, DN 37-2).

*Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990).

## IV.     DISCUSSION

Defendants move for summary judgment, *inter alia*, due to Parsons' failure to exhaust his administrative remedies under 42 U.S.C. § 1997e, the Prison Litigation Reform Act (the "PLRA"). (Def.'s Mem. Supp. Mot. Summ. J. 5-8, DN 37-1 [hereinafter Kenney's Mem. Supp. Mot. Summ. J.]; Defs.' Mem. Supp. Mot. Summ. J. 6-9, DN 38-1 [hereinafter Jailers' Mem. Supp. Mot. Summ. J.]). The PLRA requires that for a prisoner to bring an action with regard to prison conditions he must first exhaust the administrative remedies available to him before bringing suit pursuant to 42 U.S.C. § 1983. The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81 (2006), that failure to "properly" exhaust bars suit in federal court. *Id.* at 90 (citation omitted). "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must proceed through all of the steps of a prison or jail's grievance process to exhaust a claim, because an inmate cannot "abandon the process before completion and claim that he has exhausted his remedies . . . ." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citation omitted).

Each of the facilities where Parsons was held had a grievance procedure in place. At LCDC, the grievance procedure states, "[a]ny inmate shall be allowed to file a grievance at such time as the inmate believes he or she has been subject to abuse, harassment, abridgment of civil rights or denied privileges specified in the posted rules." (Defs.' Mot. Summ. J. Ex. 6, at 1, DN 38-7). Parsons did not submit a grievance form to LCDC, thereby failing to exhaust the grievance procedure. (Jailers' Mem. Supp. Mot. Summ. J. 8). For these reasons, a Section 1983 claim against Underwood in his official capacity as Jailer of the LCDC is precluded for Parsons' failure to exhaust his administrative remedies.

Parsons similarly cannot sustain a claim against TCDC. Parsons did submit two grievance forms regarding his medical care during his incarceration at TCDC and a response was made to each grievance by a TCDC staff member addressing his concerns. (Defs.' Mot. Summ. J. Ex. 8, at 1, DN 38-9; Defs.' Mot. Summ. J. Ex. 9, at 1, DN 38-10). After a grievance is filed and a response tendered, the TCDC procedure states, "[g]rievances may be appealed by the prisoner, The [sic] prisoner shall fill out another grievance form specifying how any action taken on the grievance was a violation of the prisoner's civil rights. The grievance form shall state the fact that the grievance is an appeal." (Defs.' Mot. Summ. J. Ex. 3, at 2, DN 38-4). Parsons did not appeal

the responses to his grievances at TCDC. (Marcum Aff. ¶ 3, DN 38-11). Having failed to exhaust his administrative remedies at TCDC, his claims against this Defendant must be dismissed.

Parsons was transferred from LCDC to RCC. (Durrett Aff. ¶ 3, DN 37-5). The KDOC then took responsibility for Parsons' medical care while he was housed, which had a specific grievance procedure for health care concerns. (Kenney's Mem. Supp. Mot. Summ. J. 5; Def.'s Mot. Summ. J. Ex. 3, at 15-20, DN 37-4). During his time there, Parsons did not file any grievances with RCC, thus failing to avail himself of the administrative remedies available prior to filing suit. (Durrett Aff. ¶ 4). This claim against Kenney will therefore likewise be dismissed.

Defendants have adequately shown that Parsons failed to exhaust his administrative remedies. In his response, Parsons does not address Defendants' argument, present evidence he has filed the relevant grievance forms, or offer excuse for his failure to exhaust. Due to the PLRA requirement that an inmate exhaust his administrative remedies before he may bring suit under 42 U.S.C. § 1983, the merits of Parsons' claims will not be addressed, and his claims will be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment (DN 37, 38) are **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

July 19, 2022

cc: Plaintiff, *pro se*
 counsel of record

5